32 So.2d 539

### In re OPINION OF THE JUSTICES.

No. 86.

Supreme Court of Alabama.

Nov. 7, 1947.

Opinion of the Justices of the Supreme Court in response to questions propounded by the Governor, under Code 1940, Tit. 13, § 34, as to the authority of the Governor to appoint legislative interim committees to make investigation and report with respect to matters of public interest.

To the Honorable Chief Justice and
Associate Justices of the
Supreme Court of Alabama
Montgomery, Alabama
Gentlemen:

Pursuant to the provisions of Title 13, Section 34, Code of Alabama of 1940, I respectfully request your opinion on important Constitutional questions which have arisen in connection with the discharge of my duties as Governor of Alabama.

I deem it advisable and to the best interest of the State of Alabama to name committees to study the administration of the prison system, the administration of the ABC system, and the primary and general election laws of the state; the personnel of such committees to be composed of members of the present legislature; said committees to report their findings to me to the end that I may take such corrective action as is indicated, insofar as my power as Governor of Alabama permits me to do so, and may give information in regard thereto to the legislature at its next regular session and make recommendations to it concerning the same. I have publicly announced my intention of so doing. However, certain questions in regard thereto have arisen.

Section 113 of the Constitution of Alabama of 1901 provides: "Sec. 113. The supreme executive power of this state shall be vested in a chief magistrate, who shall be styled 'The Governor of the State of Alabama.'"

Section 120 of the Constitution of Alabama of 1901 provides: "Sec. 120. The governor shall take care that the laws be faithfully executed."

Section 123 of the Constitution of Alabama of 1901 provides in pertinent part: "Sec. 123. The governor shall, from time to time, give to the legislature information of the state of the government, and recommend for its consideration such measures as he may deem expedient; and at the commencement of each regular session of the legislature, and at the close of his term of office, he shall give information by written message of the condition of the state; * * *".

1. Do the above quoted provisions of the Constitution of Alabama of 1901 invest me with authority to appoint such committees for such purposes?

The Legislature of Alabama at its 1947 regular session made an appropriation for the expenses of the Executive Department pursuant to Section 71 of the Constitution of Alabama of 1901 by Act No. 320, H. 51, approved August 15, 1947, for the fiscal years ending respectively, September 30, 1948, and September 30, 1949, and I quote from that Act, in pertinent part, as follows:

"Section 1. That there is hereby appropriated for the ordinary expenses of the Executive, Legislative, and Judicial Departments of the State, for the interest on the public debt, and for the public schools for each of the two fiscal years ending respectively September 30, 1948, and September 30, 1949, to be paid out of any moneys in the State Treasury not otherwise appropriated, the several sums of money hereinafter specified or so much thereof as may be necessary:

From the General Fund

1. Executive:
The Governor's Office
*   *   *   *   *   *
For the Governor's Contingent
  Fund .................... $ 25,000.00

For the Governor's Emergency Fund ................ 100,000.00
(This appropriation entitled 'Governor's Emergency Fund' is the appropriation contemplated in Section 105, Title 55 of the 1940 Code of Alabama and shall be the only amount appropriated and the total amount expended under the provisions of said Section.)"

Besides Title 55, Section 105, Code of Alabama of 1940, referred to in the above quoted excerpt from Act 320, supra, relating to the Governor's Emergency Fund, Title 55, Sections 85 and 179, Code of Alabama of 1940, relate to the Governor's Contingent Fund.

If your answer to the question propounded above is in the affirmative, then I desire to know:

2. May the expenses of such committees be paid from the Governor's Emergency Fund, provided the provisions of Title 55, Section 105, supra, are complied with, and the Department of Finance allots to the Governor's Office from the Governor's Emergency Fund a sufficient amount to pay such expenses?

3. May the expenses of such committees be paid from the Governor's Contingent Fund, provided the provisions of Title 55, Section 85, supra, are complied with?

Respectfully submitted,
James E. Folsom
Governor of Alabama.

To His Excellency
The Governor of Alabama
Capitol
Montgomery, Alabama
Sir:

Replying to your inquiry filed with the clerk of this court on November 5th, 1947, we are not of opinion that §§ 113, 120 and 123 of the Constitution of 1901, clothe the Governor with authority to appoint a legislative interim committee to make investigations in respect to matters of public interest and for informing the Governor in respect to needed legislation or the cause for such legislation, so that he may advise the legislature.

Nor are we of opinion that said sections of the constitution authorize the Governor to name a committee for such services, in the absence of statute so authorizing, and clothe it with a cloak of official status, so as to authorize the paying to it or its members for services rendered, out of public funds of the state.

The Constitution of 1901, § 42 provides: "The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another."

The Constitution of 1901, Section 43 provides: "In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."

The above answer being in the negative, we are not called upon to answer the other inquiry.

Respectfully submitted,
LUCIEN D. GARDNER
Chief Justice
JOEL B. BROWN
Associate Justice
ARTHUR B. FOSTER
Associate Justice
J. ED LIVINGSTON
Associate Justice
THOMAS S. LAWSON
Associate Justice
ROBT. T. SIMPSON
Associate Justice
DAVIS F. STAKELY
Associate Justice